[No. 1318.  Decided June 21, 1894.]

THE STATE OF WASHINGTON, *on the Relation of F. F. Ames, Appellant,* v. FRED GASCH, JOHN WOODING AND ALMAS RUTHERFORD, *County Commissioners, Respondents.*

ESTABLISHMENT OF COUNTY ROAD — COUNTY SURVEYOR AS VIEWER — COMPENSATION.

A county surveyor appointed as one of the viewers for the establishment of a public highway cannot compel the county commissioners to pay him the salary prescribed for public services by the surveyor, but he stands in the position of any other viewer and is not entitled to compensation until the costs have been taxed and an order made for payment by the court before whom the proceedings are pending.

*Appeal from Superior Court, King County.*

*Andrews & Ames,* for appellant.

*Miller & McBride (S. H. Piles,* of counsel), for respondents.

The opinion of the court was delivered by

SCOTT, J.—During all the times hereinafter mentioned the relator was the duly elected, qualified and acting county surveyor of King county, and the defendants composed the board of county commissioners of said county.

On or about the 4th day of November, 1893, an order was duly made and entered in one of the departments of the superior court of said county, in pursuance of the provisions of § 3, Laws 1893, ch. 98, p. 237, *et seq.,* generally known as the road law, appointing the relator as county surveyor, and two other viewers, to view a certain proposed road which had been petitioned for, and to report their doings in writing to said court within ten days after making such view and survey, together with a map or plat of the county surveyor.

This order was fully complied with by the viewers named and the relator, who wrote out their report and filed the same together with the map required by the order, and by subdivision 4 of § 5 of said chapter, in the office of the clerk of the court.   In complying with the provisions of said order the relator claims that he earned and expended $67.50.

Thereafter and on the 4th of December, 1893, he filed an itemized claim for such services with the clerk of the board of county commissioners, and the same was brought before the board for its consideration.   The claim, when filed and presented, was certified by him to be correct, and that he had furnished the labor and expense amounting to the sum for which the said bill was rendered, and that he had not received payment of the same or any part thereof and that the same was justly due from King county.

The commissioners refused to consider the bill, on the grounds, first, that no record evidence was presented to them of the performance of the work; and, second, that they had no right to pass upon the bill until the road, in the viewing of which the services were rendered, had been ordered established by the superior court, which at that time had not been done.   Thereupon the relator petitioned for a writ of mandamus to compel the respondents to consider said claim.   An answer was filed, and upon the trial, the relator having rested, the court ordered a non-suit.

Appellant claims that as such roads are public highways, the service rendered by him thereon was a public service for which he is entitled to compensation from the county, and he cites § 241, Gen. Stat., and § 4, Laws 1893, p. 238. It will be noticed, however, that § 3 of said chapter provides for the appointment of three viewers, one of whom *may* be the county surveyor.   It is not requisite that the county surveyor should be appointed as one of the viewers. Sec. 241, Gen. Stat., therefore, has no application, for if

appointed the surveyor would be required to act in person, and could not act therein by a deputy, because the act requires the appointment of three disinterested persons, and the court in appointing them determines the qualifications of the persons appointed as individuals, and, while the surveyor might be competent to act as a viewer, a deputy might not be.

At the time the writ was petitioned for there was nothing before the county commissioners from the superior court to show that the road had been established, or that the petition therefor had been denied, or that the costs therein had been taxed, and as a matter of fact the road had not been established. The law requires that upon the filing of the petition a bond shall be given, payable to the state for the use of the county, in the sum of two hundred dollars, conditioned that the persons making application for the proposed road will pay into the county treasury the amount of all costs and expenses incurred in the view and survey of said proposed road in case the petition therefor is not granted. Of course it would be the duty of the county surveyor, if appointed as one of the viewers, to perform the duty imposed upon him, but he would stand upon the same footing as any other viewer so far as the time and manner of his compensation are concerned. The first notice that the county commissioners have of such proceedings is under the provisions of § 7 of said act in case the road is established. If the petition for the proposed road is not granted, no public service has been rendered, for it has been found that the road petitioned for would not be a public benefit. In such case the law expressly provides that the costs of the survey shall be taxed to the principal and sureties upon the bond. The court only has authority to tax costs in such proceedings and the commissioners are not authorized to pay anything

until the court has taxed the costs and they know by the order of the court what they are required to pay.

Affirmed.

DUNBAR, C. J., and STILES, J., concur.

HOYT and ANDERS, JJ., concur in the result.